PUMROY, *Sheriff, et al.* v. BUCK.

No. 1869.    Opinion Filed September 11, 1912.

(126 Pac. 735.)

1.    **MUNICIPAL CORPORATIONS**—Towns—Extension of Boundaries. Lands adjoining an incorporated town which have been laid off and platted do not thereby become annexed thereto and form a part thereof, unless the trustees by resolution of their board extend the boundary of such town so as to include such lands, as provided by section 873, Comp. Laws 1909.

2.    **HOMESTEAD**—Extent—Lands Outside Municipality. Such lands, are subject to section 1, art. 12, Williams' Ann. Const. Okla., which provides: ''The homestead of any family in this state, not within any city, town or village, shall consist of 'not more than one hundred and sixty acres of land, which may be in one or more parcels, to be selected by the owner. * * *''

(Syllabus by the Court.)

*Error from District Court, Pawnee County;*
*M. C. Garber, Judge.*

Action by J. W. Buck against C. I. Pumroy, Sheriff, and Ed. Louthan, Deputy Sheriff, of Pawnee County. Judgment for plaintiff, and defendants bring error. Affirmed.

*T. J. Womack,* for plaintiffs in error.

*Eagleton, Biddison & Merrit,* for defendant in error.

KANE, J.    This was a suit commenced by the defendant in error, plaintiff below, against C. I. Pumroy, sheriff of Pawnee county, Okla., and Ed. Louthan, his deputy, to enjoin them from levying an execution upon certain real estate belonging to the plaintiff. The court below granted the relief prayed for, to reverse which action this proceeding in error was commenced.

It is the contention of the plaintiff that the real estate involved is exempt from execution, because it is his homestead. The defendants contend that the real estate is within the borders of Maramec, an incorporated town, and therefore the plaintiff is entitled to hold exempt as a homestead a tract not exceeding one acre of land, and that the land they sought to levy the execution against is land in excess of that amount, but not more than 160 acres owned by said plaintiff. So the question is whether the land sought to be levied upon is "within" the town of Maramec in contemplation of section 1, article 12, Williams' Ann. Const. Okla., which provides:

"The homestead of any family in this state, not within any city, town or village, shall consist of not more than one hundred and sixty acres of land, which may be in one or more parcels, to be selected by the owner.   *   *   *"

There is evidence tending to show the incorporation of Maramec, and that the land sought to be levied upon was not within its borders as originally incorporated. There is also evidence to the effect that the land sought to be levied upon, together with other lands, were platted by certain parties as the "South Side Addition to the city of Maramec." But there is no evidence tending to show that the addition thus platted ever became a part of the incorporated town in accordance with section 873, Comp. Laws 1909, which provides:

"Whenever there shall be lots laid off and platted adjoining such town, and a record of the same is made in the register of deeds' office of the proper county, the trustees may by a resolution of their board extend the boundary of such town so as to include such lots; and the lots so annexed shall thereafter form a part of such town and be within the jurisdiction thereof. The trustees shall immediately thereafter file a copy of such resolution, together with the plat and map of survey defining the boundaries of such additions, in the office of the register aforesaid."

Section 872 provides for the extension of the corporate limits by petition, and section 874 provides procedure for the annexation of contiguous territory "when not platted or laid out or recorded." The corporate limits of Maramec have not been

extended, so far as the evidence shows, by any of the above methods.

Counsel for plaintiffs in error cites authorities to the effect that whether certain lots or blocks are rural or urban does not depend upon the fact of incorporation, and that the lines of a municipality do not determine whether a home is rural or urban. None of these authorities are in point here. The contention of counsel for plaintiffs in error is that the lots are within the incorporated town of Maramec. The evidence, to our mind, does not establish that to be a fact.

The judgment of the court below must therefore be affirmed.

TURNER, C. J., and HAYES and DUNN, JJ., concur; WILLIAMS, J., absent, and not participating.