Note.—See under (1) Workmen's Compensation Acts, pp. 117, 132.

---

## TITTLE et al. v. GARRETT.

No. 15128—Opinion Filed Jan. 7, 1925.

### Homestead—Rural Homestead—Platted Addition Outside Corporate Limits of Town.

A homestead of a family outside the original limits of an incorporated town, but within a platted addition, is not changed in character and area by the mere platting of said addition until the limits of such town have been extended to include such addition in the manner provided in Comp. Stat. 1921, sec. 4800, and such homestead, to the extent provided by sec. 1, art. 12, Const., for homesteads "not within any city, town or village," is protected from the lien of a judgment against the owner thereof "except for the purchase money therefor or a part of such purchase money, the taxes due thereon, or for work and material used in constructing improvements thereon."

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Greer County; T. P. Clay, Judge.

Action by A. R. Garrett against S. H. Tittle, sheriff, and the Farmers State Bank of Granite for an injunction. Decree for plaintiff, and defendants bring error. Affirmed.

It appears that on September 21, 1921, the Farmers State Bank of Granite obtained a judgment against B. F. Elkins in the district court of Greer county. At that time

B. F. Elkins lived and made his home upon the property involved in the instant action. In 1922 Elkins sold a portion of this land, consisting of 7½ acres, to A. R. Garrett, the plaintiff in the instant action. In 1923 the Farmers State Bank of Granite had execution issued on its judgment against Elkins in cause No. 3481 in the district court and caused the same to be levied upon the tract of land sold by Elkins to Garrett, claiming that said land was subject to the lien of its judgment against Elkins. February 14, 1923, Garrett filed his petition in this action asking for an injunction to prevent the sheriff from selling said property under said execution. The petition alleged title in plaintiff. and that his title was superior to any claim or interest of the Farmers State Bank. A temporary injunction was granted upon the filing of said petition. and thereafter the bank filed its answer setting up the facts as heretofore stated in reference to its judgment against Elkins, and claiming a lien on said land by virtue of such judgment. Plaintiff filed his reply to the answer in which he denied that the property was ever subject to the lien of the bank's judgment, and affirmatively alleged that at the date of the rendition of said judgment the property in controversy was a part of the homestead of B. F. Elkins, and was not subject to the lien of such judgment.

Upon the issues thus made the cause was submitted to the court October 20, 1923, resulting in findings and a decree in favor of the plaintiff, and perpetuating the temporary injunction. After unsuccessful motion for new trial the defendants have brought the case here for review by petition in error with case-made attached.

Van Dyke & Arnett, for plaintiffs in error.

Garrett, Garrett & Jeter, for defendant in error.

Opinion by LOGSDON, C. In this case the contention of defendants was and is that the premises in controversy are within the corporate limits of the town of Granite, and being in excess of the area allowed for homestead purposes within an incorporated town under the provisions of sec. 1, art. 12, Const., is subject to the lien of the judgment and to the execution levied to satisfy the same. On the other hand, the contention of plaintiff was and is that the land in controversy was not within the corporate limits of the town of Granite, and being the homestead of Elkins, was protected by the same section of

the Constitution against the lien of the judgment and the execution thereon, and that when he purchased the land from Elkins in 1922 the same was free and clear of any lien in favor of the defendant bank.

An examination of the record in this case discloses that no evidence was offered or introduced tending to show that the incorporated town of Granite ever extended its limits to include what is known as the "Stovall addition," within which the land in controversy is situated. Comp. Stat. 1921, sec. 4800, provides:

"Whenever there shall be lots laid off and platted adjoining such town, and a record of the same is made in the register of deed's office of the proper county, the trustees may by a resolution of their board extend the boundary of such town so as to include such lots; and the lots so annexed shall thereafter form a part of such town and be within the jurisdiction thereof. The trustees shall immediately thereafter file a copy of such resolution, together with a plat and map of survey. defining the boundaries of such addition in the office of the register aforesaid."

It is not contended in this case that the provisions of the above section were ever complied with by the town of Granite in reference to the Stovall addition. Under such circumstances this case is controlled by the decision of this court in the case of Pemroy, Sheriff, et al. v. Buck, 33 Okla. 456, 126 Pac. 735, wherein Justice Kane announced the rule that the provisions of the above section are mandatory and that their observance is a prerequisite to the annexation of such addition to an incorporated town, and that unless such action is taken a homestead of a family located within such addition consists of not more than 160 acres of land as provided in the Constitution, supra, for the homestead "not within any city, town or village."

Considerable space is taken up in the brief of defendants in the discussion of prescription and the citation of authorities upon that subject, but it is not considered that such authorities are in any way applicable to the facts shown by the record in this case.

Upon the authority of Pemroy, Sheriff. et al. v. Buck, supra, the findings and decree of the trial court herein should be in all things affirmed.

By the Court: It is so ordered.

Note.—See under (1) 20 C. J. p. 822.